IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CXT SYSTEMS, INC., | § | |
| | § | Case No. 2:18-cv-00171-RWS-RSP |
| Plaintiff, | § | (LEAD CASE) |
| | § | |
| v. | § | |
| | § | |
| ACADEMY, LTD., d/b/a ACADEMY | § | |
| SPORTS + OUTDOORS, | § | |
| PIER 1 IMPORTS, INC., | § | Case No. 2:18-cv-00172-RWS-RSP |
| THE CONTAINER STORE GROUP, INC. | § | Case No. 2:18-cv-00173-RWS-RSP |
| CONN'S, INC., | § | Case No. 2:18-cv-00231-RWS-RSP |
| FOSSIL GROUP, INC., | § | Case No. 2:18-cv-00232-RWS-RSP |
| J. C. PENNEY COMPANY, INC., | § | Case No. 2:18-cv-00233-RWS-RSP |
| STAGE STORES, INC., | § | Case No. 2:18-cv-00234-RWS-RSP |
| TAILORED BRANDS, INC., | § | Case No. 2:18-cv-00235-RWS-RSP |
| | § | |
| Defendants. | § | (CONSOLIDATED CASES) |
| | § | |

**E-DISCOVERY ORDER**

The Court ORDERS as follows:

1. This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This order may be modified in the Court's discretion or by agreement of the parties.

3. A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata. However, fields showing the date and time that the

1

document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

5. Absent agreement of the parties or further order of this Court, the following parameters shall apply to ESI production:

A. **General Document Image Format**. Except as provided below, each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

B. **Text-Searchable Documents**. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format prior to production for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

C. **Footer**. Each document image shall contain a footer with a sequentially ascending production number.

D. **Native Files**. If production of a document in TIFF format is impracticable or unreasonable (such as video, animation, or audio files and large Excel files), the producing party may produce such document in native format in a manner that preserves the integrity of the files. A party that receives a document produced in TIFF format may make a reasonable request to receive the document in its native format, and upon receipt of

such a request, the producing party shall produce the document in its native format.

E. **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

F. **Voicemail, Instant Messaging, and Mobile Devices.** Absent a showing of good cause, voicemails, PDAs, instant messaging applications, and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this Court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail parties must propound specific e-mail production requests.

7. E-mail production requests shall be phased to occur timely after the parties have exchanged initial disclosures. Within fifteen days following a written request from an opposing party, the responding party shall provide a listing of the eight most significant e-mail custodians with a short description of why each custodian is believed to be significant, in view of the pleaded claims and defenses, infringement contentions and accompanying documents pursuant to P.R. 3-1 and 3-2, invalidity contentions and accompanying documents pursuant to P.R. 3-3 and 3-4, and preliminary information relevant to damages.

8. E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame. Each requesting party shall limit its e-mail production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional or fewer

custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

9.     Each requesting party shall limit its e-mail production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

10.    Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

11.    The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

12.    Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

**SIGNED this 26th day of December, 2018.**

4

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE