IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CXT SYSTEMS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 2:18-CV-00171-RWS-RSP |
| v. | § | |
| | § | Lead Case |
| ACADEMY, LTD., D/B/A | § | |
| ACADEMY SPORTS + OUTDOORS, | § | |
| | § | |
| Defendant. | § | |

# ORDER

Defendants Academy, Ltd. d/b/a/ Academy Sports + Outdoors, Fossil Group, Inc., Specialty Retailers, Inc., J.C. Penney Corporation, Inc. and Conn's, Inc. (collectively, "Defendants") each filed or joined in similar Motions to Dismiss for Failure to State a Claim under 35 U.S.C. § 101.[1] Magistrate Judge Payne entered a Report and Recommendation (the "Report") recommending denial of these Motions without prejudice. Docket No. 128. Defendants filed Objections to the Report and Recommendation. Docket No. 133. After *de novo* review of the objected-to portions of the Report, the Court finds that the Magistrate Judge's conclusions are correct and **OVERRULES** the objections. Accordingly, the Court hereby **ADOPTS** the Report and **DENIES** Defendants' Motions (Docket Nos. 15, 24; Docket No. 15 in 2:18-cv-232-RWS-RSP).

---

[1] Academy filed a Motion to Dismiss (Docket No. 15). Fossil Group filed a Motion to Dismiss in a consolidated case (Docket No. 15 in 2:18-cv-232-RWS-RSP). Specialty Retailers, Inc. filed a Motion to Dismiss (Docket No. 24). J.C. Penney Corporation, Inc. joined Specialty Retailers, Inc.'s Motion to Dismiss (Docket No. 55) and Conn's, Inc. joined in Defendants' Objections to the Report and Recommendation (Docket No. 136).

In their original motion, Defendants argued that the claimed invention in Claim 16 of U.S. Patent No. 6,493,703 is directed to an abstract idea and that it is representative of all other claims within the Message Board Search Patents.[2] Defendants attempted to distinguish this case from *Core Wireless*, where the Federal Circuit concluded that an improved user interface survived a § 101 challenge at step one, by arguing that the Message Board Search Patents do not disclose the interface in a "particular manner." Docket No. 15 at 18 (citing *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 880 F.3d 1356 (Fed. Cir. 2018)). The Report addressed this argument and concluded that the asserted patents disclosed the interface with sufficient particularity. Docket No. 128 at 7. Specifically, the Report stated that:

> Claim 16 requires that two different display regions with specific information are presented in the display and specifies that the regions must be simultaneously visible. The first display region provides a display of a message list, while the second display region provides a display of at least some of the substantive information for a user-selected message entry from the list.

*Id.* Further, the Report identified where the specification described the issues with pre-existing systems and how the invention purportedly resolved those issues. *Id.* at 6–7. The Report noted that the simultaneous display of the different display regions amounted to an improved user interface similar to the interface within *Core Wireless*. *Id.* at 7 (citing *Core Wireless*, 880 F.3d at 1362–63).

---

[2] Defendants assert that the "Message Board Search Patents" include U.S. Patent Nos. 6,493,703 ("'703 Patent"); 6,571,234 ("'234 Patent"); and RE45,661 ("'661Patent").

In their objections, Defendants reassert their argument that Claim 16 is not directed to a specific technical improvement. Docket No. 133 at 2–3. Defendants assert that the patents-in-suit "describe the claimed system and methods in primarily functional terms rather than a specific new mechanism" and that "[a]ny tangible components recited in the claims are nothing more than conventional computer components performing their conventional functions." Docket No. 133 at 3.

At step one, courts ask "whether the claims are directed to a specific improvement in the capabilities of computing devices, or, instead, 'a process that qualifies as an "abstract idea" for which computers are invoked merely as a tool.' " *Core Wireless*, 880 F.3d at 1361–62. The claimed invention in Claim 16 does not merely use the computer as a tool to carry out an abstract process. Instead, the claimed invention improves the functionality of the computer itself by providing an improved interface that is more user-friendly. Accordingly, the Court appropriately determined that the Claim 16 of the '703 Patent is not directed to an abstract idea at step one of the § 101 analysis.

Next, Defendants argue that the § 101 inquiry before the Court does not depend on the claims being construed in Plaintiff's favor and that dismissal is appropriate because no plausible reading exists to enable CXT to survive the § 101 inquiry. Docket No. 133 at 3–4. However, the specifications of both asserted patents suggest that the claimed inventions were not "well-understood, routine and conventional." Docket No. 128 at 7–8, 12–14. The Report properly considered the patent specification in resolving the motion, *see Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018), and no arguments were made that the improvements recited in the specification did not apply

to the claimed invention within the argued claims. In response to Defendant's argument that the claim was directed to functional ideas, Plaintiff asserted that even if Defendants were correct on that point, "the Court should deny its Motion as claim construction would be necessary to determine if such claim language is supported by the specification." Docket No. 41 at 13. Claim construction and further evidence may eventually suggest otherwise; however, on this record, the Court finds it proper to deny the motions at this stage for both claimed inventions at step two.

Defendants next object to the Report's finding that Claim 16 of the '703 Patent and Claim 1 of the '875 Patent are not shown to be representative of the asserted claims. Docket No. 133 at 4–5. Defendants state that "[t]he other claims of the patents-in-suit are substantially and substantively similar to Claim 16 of the '703 Patent and Claim 1 of the '875 Patent, and they are therefore not patent eligible for the same reasons." *Id*. However, Defendants do not provide any further reasoning as to why the other claims are substantially and substantively similar. Defendants have the burden of showing that a claim is representative of other claims with respect to the § 101 analysis. *PPS Data, LLC v. Jack Henry & Assocs*., No. 2:18-CV-00007-JRG, 2019 WL 1317286, at *5 (E.D. Tex. Mar. 21, 2019) (citing *Perdiemco, LLC v. Industrack LLC*, No. 2:15-CV-1216-JRG-RSP, 2016 WL 5719697, at *7 (E.D. Tex. Sept. 21, 2016); *Versata Software, Inc. v. NetBrain Techs., Inc*., No. 13-676-LPS-CJB, 2015 WL 5768938, at *4 (D. Del. Sept. 30, 2015)). Defendants still have not met their burden of showing that the argued claims are representative of all claims. Simply providing conclusory statements that the argued claims are substantially and substantively similar to the other claims without providing any further

reasoning will not suffice. *Intellectual Ventures II LLC v. Sprint Spectrum, L.P.*, No. 2:17-CV-00661-JRG, 2018 WL 6804804, at *3 (E.D. Tex. Sept. 24, 2018) ("[H]igh-level, conclusory statements can hardly be considered 'analysis.' ").

The Court finds that the conclusions reached within the Report are correct and, therefore, **OVERRULES** Defendants' objections (Docket No. 133) and **ADOPTS** the Report and Recommendation (Docket No. 128). Defendants' motions (Docket Nos. 15, 24; Docket No. 15 in 2:18-cv-232-RWS-RSP) are, therefore, **DENIED**.

**So ORDERED and SIGNED this 27th day of March, 2019.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE