# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CXT Systems, Inc., § § | | |
| v. § | Case No. 2:18-CV-00171-RWS-RSP | |
| § | | |
| Academy, Ltd., d/b/a Academy Sports + Outdoors § § | (LEAD) | |
| J. C. Penney Company, Inc. § | Case No. 2:18-CV-00233-RWS-RSP | |

## ORDER

The above entitled and numbered civil action was referred to United States Magistrate Judge Roy S. Payne pursuant to 28 U.S.C. § 636. Now before the Court is the Report and Recommendation (Dkt. No. 124) by Magistrate Judge Payne, which denies Defendant J.C. Penney Company, Inc.'s first motion to dismiss (Dkt No. 58) as moot in light of Plaintiff CXT Systems, Inc.'s First Amended Complaint, and recommends that J.C. Penney's second motion to dismiss (Dkt. No. 73) be denied.

In its second motion to dismiss, J.C. Penney argued that CXT fails to state a claim for relief as to U.S. Patent No. 7,016,875 in Count IV of CXT's Second Amended Complaint (Dkt. No. 69). J.C. Penney argued that the Second Amended Complaint fails to (1) identify a "subsequent web-site" for which an infringement claim could be based, and (2) allege that such "subsequent web-site" is "configured to provide access to the information account upon authentication of the consumer" as required in that step of Claim 1 of the '875 patent. (Dkt. No. 73) at 4. According to J.C. Penney, the only website identified in the Second Amended Complaint cannot satisfy both the "first web-site" element and the "subsequent web-site" element in Claim 1. *Id.* at 5.

Magistrate Judge Payne rejected these arguments and found that the Second Amended Complaint states a claim for relief that is plausible on its face. *See* (Dkt. No. 124) at 4. Magistrate

Judge Payne noted, and this Court agrees, that the fact that "CXT did not specifically track every single element of Claim 1 in the Second Amended Complaint does not render Count IV of the Second Amended Complaint implausible." *Id.* Rather, as Magistrate Judge Payne found, the allegations in the Second Amended Complaint provide J.C. Penney fair notice of the infringement of the '875 patent because (1) the '875 patent was attached to the Second Amended Complaint, (2) the Second Amended Complaint identifies the accused products as current and previous versions of J.C. Penney's website and their backend computer systems, and (3) CXT explicitly alleged that the accused products "satisfy each and every limitation of one or more claims" of the patent-in-suit. *Id.* Thus, Magistrate Judge Payne found that CXT's Second Amended Complaint plead facts that allowed a court to draw a reasonable inference that J.C. Penney is liable for the alleged patent infringement. *See id.* at 5. Neither CXT or J.C. Penney filed objections to the Report and Recommendation.

Having considered the Report and Recommendation (Dkt. No. 124), the Court concludes that Magistrate Judge Payne's findings and conclusions are correct. **IT IS THEREFORE ORDERED** that the Report and Recommendation (Dkt. No. 124) is hereby **ADOPTED**. Accordingly, J.C. Penney's motion to dismiss (Dkt. No. 73) is **DENIED**.

**SIGNED this 23rd day of April, 2019.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE