# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **CXT SYSTEMS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**ACADEMY, LTD., d/b/s ACADEMY SPORTS + OUTDOORS,**<br><br>Defendant. | **CASE NO. 2:18-CV-00171-RWS**<br><br>**LEAD CASE**<br><br>**JURY TRIAL DEMANDED** |
| **CXT SYSTEMS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**J. C. PENNEY COMPANY, INC.,**<br><br>Defendant. | **CASE NO. 2:18-CV-00233-RWS**<br><br>**JURY TRIAL DEMANDED** |

**J. C. PENNEY COMPANY, INC.'S MOTION FOR SUMMARY JUDGMENT ON NON-WILLFULNESS AND LIMITATION OF DAMAGES FOR NON-MARKING**

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................... 1

II.    STATEMENT OF ISSUES TO BE DECIDED ................................................... 1

1. Whether the court should grant summary judgment for non-willfulness when no genuine issue of material fact exists to show that JCPenney's alleged infringement of the patents-in-suit was willful. ................................................................................................ 1

2. Whether the court should grant summary judgment to JCPenney due to CXT's failure to mark or otherwise provide notice of its patent pursuant to the marking provisions of 35 U.S.C. § 287. .................................................................................................................. 1

III.    STATEMENT OF UNDISPUTED MATERIAL FACTS ................................. 2

IV.    ARGUMENTS AND AUTHORITIES ................................................................. 4

A. CXT can raise no genuine issue of material fact to show that JCPenney willfully infringed the Patents-In-Suit. ........................................................................ 5

B.                        REDACTED

.................................................................................. 7

V.    CONCLUSION ........................................................................................................ 9

# TABLE OF AUTHORITIES

### Cases

*American Medical Systems, Inc. v. Medical Engineering Corp.*, 6 F.3d at 1538 (Fed. Cir. 1993) ............ 12

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .............. 9

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .............. 8, 9

*Exigent Tech., Inc. v. Atrana Solutions, Inc.*, 442 F.3d 1301 (Fed. Cir. 2006) .............. 9

*Gart v. Logitech, Inc.*, 254 F.3d 1334 (Fed. Cir. 2001) .............. 11

*Halliburton Servs. v. Smith Int'l Inc.*, 317 F. Supp. 2d 719 (E.D. Tex. 2004) .............. 11

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*, --- U.S. ---, 136 S. Ct. 1923 (2016) .............. 10

*IMX, Inc. v. Lendingtree, LLC*, No. CIV. 03-1067-SLR, 2005 WL 346555 (D. Del. Dec. 14, 2005) .............. 12

*Radware Ltd. v. F5 Networks, Inc.*, No. 5:13-CV-0204-RMW, 2016 WL 4427490 (N.D. Cal. Aug. 22, 2016) .............. 10

*Soverain Software LLC v. Amazon.com, Inc.*, 383 F. Supp. 2d 904 (E.D. Tex. 2005) .............. 12

*SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295 (Fed. Cir. 2019) .............. 10

*United Video Properties, Inc. v. Haier Grp. Corp.*, No. CV 11-1140 (KAJ), 2014 WL 12774922 (D. Del. May 16, 2014) .............. 11

*Windy City Innovations, LLC v. Microsoft Corp.*, No. 16-CV-01729-YGR, 2016 WL 3361858 (N. D. Cal. June 17, 2016) .............. 10

### Statutes

35 U.S.C. § 287 .............. 6, 11, 12

### Rules

Fed. R. Civ. P. 56 .............. 5, 8

TO THE HONORABLE JUDGE OF SAID COURT:

Under Rule 56 of the Federal Rules of Civil Procedure, defendant J.C. Penney Company, Inc. ("JCPenney") respectfully requests that this Court grant it summary judgment of non-willfulness and limit its damages due to Plaintiff CXT Systems, Inc.'s ("CXT") failure to mark. In support of this motion, JCPenney states as follows:

## I.     INTRODUCTION

This case arises from CXT's accusation that JCPenney, among other defendants, infringes three patents related to streamlining the online shopping checkout process by authenticating and storing user account information. Although CXT alleges that JCPenney acted willfully in its alleged infringement of these patents, CXT has failed to raise any genuine issue of material fact to demonstrate willfulness by JCPenney. Further, despite CXT's allegations that its patents were properly marked in a way that would provide notice to JCPenney of its alleged infringement, CXT has not done so and cannot meet the elements of this claim as a matter of law. Therefore, this Court should grant JCPenney summary judgment on the issue of willfulness and limit damages based on CXT's failure to mark its patents.

## II.     STATEMENT OF ISSUES TO BE DECIDED

Pursuant to Local Rule 7(a)(1), JCPenney submits the following issues to be decided:

1.     Whether the court should grant summary judgment for non-willfulness when no genuine issue of material fact exists to show that JCPenney's alleged infringement of the patents-in-suit was willful.

2.     Whether the court should grant summary judgment to JCPenney due to CXT's failure to mark or otherwise provide notice of its patent pursuant to the marking provisions of 35 U.S.C. § 287.

### III.     STATEMENT OF UNDISPUTED MATERIAL FACTS

1. On April 27, 2018, CXT filed its lawsuit against Defendant JCPenney.

2. In that suit, CXT asserted three patents against Defendant JCPenney (and other defendants): '875 Patent, '581 Patent and '806 Patent (the "Patents-in-Suit"). (*See* Complaint at ¶¶ 11-13.)

3. The Patents-in-Suit generally cover systems and methods related to optimizing the online shopping experience by storing and authenticating relevant user account information, such as shipping address or credit card information, as part of the online checkout process. (*See* Second Amended Complaint, ¶¶ 17-19.)

4. The '875 patent was issued on March 21, 2006. (*Id.* at ¶ 10.)

5. The '581 patent was issued on August 14, 2007. (*Id.* at ¶ 11.)

6. The '806 patent was issued on September 14, 2012. (*Id.* at ¶ 12.)

7. For each Patent-in-Suit, CXT alleges that "JC Penney induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the [Patents-In-Suit], while remaining willfully blind to the infringement." (*Id.* at ¶¶ 30, 72, 101).

8. CXT also alleges in its Complaint that it has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit, and, on information and belief, that prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287. (*See id.* at ¶ 20).

9. JCPenney was not aware of any of the Patents-in-Suit before the filing of the Complaint on April 27, 2018. (*See, e.g.,* Ex. 1, JCPenney's Amended Initial Disclosures, No. 1).

10. On October 9, 2019, CXT served verified responses to interrogatories served by JCPenney. (Ex. 2, CXT's Objections and Responses to JCPenney's Second [sic] Set of Interrogatories).

11. In its interrogatories, JCPenney asked CXT to "[s]tate in detail the factual and legal basis for your allegation that JCPenney's alleged infringement of the Asserted Patents has been willful and deliberate." (*See id.*, at Interrogatory No. 8).

12. In its verified answer to this Interrogatory, CXT stated only that JCPenney knew of the patents at least since the filing of the Complaint. (*Id.*).

13. REDACTED

14. REDACTED

15. REDACTED

16. REDACTED

17. REDACTED

18. REDACTED

19. REDACTED

20. REDACTED

21. REDACTED

22. REDACTED

23. REDACTED

24. REDACTED

25. REDACTED

## IV. ARGUMENTS AND AUTHORITIES

A summary judgment motion should be granted if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Under this standard, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise

properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

JCPenney is entitled to summary judgment by demonstrating to the court the absence of evidence to support an essential element of CXT's claim. *See Exigent Tech., Inc. v. Atrana Solutions, Inc.*, 442 F.3d 1301, 1307-08 (Fed. Cir. 2006) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Once JCPenney has done so, CXT must go beyond the pleadings and demonstrate through specific facts that is a genuine issue of material fact for trial. *See Celotex*, 477 U.S. at 324.

As shown next, CXT can raise no genuine issue of material fact neither to show that JCPenney willfully infringed the Patents-in-Suit nor to show that it has marked under the Patent Statutes sufficient to entitled to damages prior to April 27, 2018, the date that CXT filed its Complaint against JCPenney.

### A. CXT can raise no genuine issue of material fact to show that JCPenney willfully infringed the Patents-In-Suit.

JCPenney is entitled to summary judgment as to CXT's claim for willfulness because CXT cannot provide any evidence, let alone evidence reflecting a fact sufficient to meet the burden of clear and convincing evidence, that can sustain a willful infringement claim.

As detailed in its amended initial disclosures, JCPenney did not receive notice of the Patents-In-Suit prior to the filing of the Complaint. CXT has put forward no facts to show that JCPenney had knowledge of the Patents-In-Suit prior to April 27, 2018. Prior to that date, CXT did not send notice to JCPenney of the Patents-In-Suit. REDACTED

REDACTED

JCPenney has been clear and unchallenged since its initial disclosures that it "had no knowledge

5

of the Asserted Patents prior to the filing of a Complaint against JCPenney." *See, e.g.,* Ex. 1, JCPenney's Amended Initial Disclosures, No. 1).

Indeed, CXT in discovery has conceded that it does not have the facts necessary to support a willfulness allegation. In its interrogatory responses          REDACTED

                                        REDACTED

Without facts to show that JCPenney was even aware of the Patents-In-Suit prior to the filing of this litigation, CXT cannot show willfulness as a matter of law. "Culpability is generally measured against the knowledge of the actor at the time of the challenged conduct." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, --- U.S. ---, 136 S. Ct. 1923, 1933 (2016) (cited in *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295, 1308 (Fed. Cir. 2019). Post-complaint knowledge of the complaint, standing alone, is insufficient to sustain a claim of willful infringement. *See, e.g.*, *Radware Ltd. v. F5 Networks, Inc.*, No. 5:13-CV-0204-RMW, 2016 WL 4427490, at *4 (N.D. Cal. Aug. 22, 2016) (granting judgment as a matter of law after concluding that there was no evidence that the defendant was actually aware of the patent before the suit was filed); *Windy City Innovations, LLC v. Microsoft Corp.*, No. 16-CV-01729-YGR, 2016 WL 3361858, at *7 (N. D. Cal. June 17, 2016) (granting motion to dismiss willful infringement claims where "plaintiff failed to allege the existence of pre-suit knowledge in its complaint").

Because CXT has no evidence to create a genuine issue of material fact that JCPenney assertion did not have knowledge of the Patents-In-Suit prior to filing its lawsuit, CXT cannot support a willfulness allegation. JCPenney is entitled to summary judgment on this issue.

**B.**                                              REDACTED

Pursuant to 35 U.S.C. § 287(a), a patentee must mark its patented article so as to give notice that the item in question is patented, and failure to so mark bars the patentee from recovering damages without proof that the infringer was notified of infringement. CXT alleges in its complaint that its patents were so marked, but they were not. In the admitted absence of such marks, CXT is not entitled to pre-suit damages from JCPenney.

The marking issue "is properly decided upon summary judgment when no reasonable jury could find that the patentee either has or has not provided actual notice to the particular defendants by informing them of his patent and their infringement of it." *Halliburton Servs. v. Smith Int'l Inc.*, 317 F. Supp. 2d 719, 723 (E.D. Tex. 2004) (quoting *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1339 (Fed. Cir. 2001). Moreover, the burden lies with CXT to provide evidence that the Patents-In-Suit are subject to the marking statute, as alleged in the Complaint. *See United Video Properties, Inc. v. Haier Grp. Corp.*, No. CV 11-1140 (KAJ), 2014 WL 12774922, at *40 (D. Del. May 16, 2014) ("[A]s a general matter, whether a patentee has complied with the marking statute is a matter peculiarly within its own knowledge.") (internal citations and quotations omitted). Here, as in *United Video*, CXT has "produced no evidence and fail to even allege the existence of evidence tending to show that they do not "make, offer for sale, or sell ... any patented article" that would subject them to the requirements of 35 U.S.C § 287(a) . . . [and]

have also failed to submit any evidence regarding their compliance." *Id.* (internal citations omitted).

Although the marking statute generally does not apply to method claims, where, as here, the patent contains both apparatus and method claims, "to the extent that there is a tangible item to mark by which notice of the asserted method claims can be given, a party is obliged to do so if it intends to avail itself of the constructive notice provisions of section 287(a)." *American Medical Systems, Inc. v. Medical Engineering Corp.*, 6 F.3d at 1538, 1539 (Fed. Cir. 1993).

Thus, REDACTED

*See Soverain Software LLC v. Amazon.com, Inc.*, 383 F. Supp. 2d 904, 909 (E.D. Tex. 2005) (holding that because plaintiff did not come forward with evidence that its licensees marked their websites, defendant was entitled to summary judgment on marking); *see also IMX, Inc. v. Lendingtree, LLC*, No. CIV. 03-1067-SLR, 2005 WL 346555, at *4 (D. Del. Dec. 14, 2005) (holding that although plaintiff "does not make or sell the computer components through which its patented system is processed" and although the "website itself is not the patented invention" it constitutes 'tangible item to mark by which notice of the asserted method claims can be given,' thus triggering a duty to mark).

Although REDACTED REDACTED

REDACTED

## V. CONCLUSION

Given the foregoing, JCPenney respectfully requests that this Court enter summary judgment for non-willfulness in its favor because there is no genuine issue of material fact that JCPenney did not willfully infringe the patents-in-suit. Further, JCPenney respectfully requests that this Court enter summary judgment on the issue of marking so as to limit CXT's damages prior to filing its infringement action because it admits that the patents-in-suit were not marked as required by law.

| | |
|---|---|
| Dated: November 27, 2019 | Respectfully submitted, |
| | J. C. Penney Corporation, Inc. |
| By: | */s/ Diane K. Lettelleir*<br>Diane K. Lettelleir<br>Texas Bar No. 12241525<br>J. C. Penney Corporation, Inc.<br>6501 Legacy Drive (MS 1122)<br>Plano, Texas 75024<br>Tel: (972) 431-5012<br>Fax: (972) 531-5012<br>dlettell@jcp.com |
| | and |
| | HILGERS GRABEN PLLC |
| By: | */s/ Andrew R. Graben*<br>Michael T. Hilgers<br>Texas State Bar No. 24050761<br>Mary Ann Novak<br>HILGERS GRABEN PLLC<br>575 Fallbrook Blvd., Suite 202<br>Lincoln, NE 68521<br>Telephone: 402-218-2106<br>Facsimile: 402-413-1880<br>mhilgers@hilgersgraben.com<br>mnovak@hilgersgraben.com |
| | Andrew R. Graben<br>Texas State Bar No. 24045964<br>J. Kristopher Long<br>Texas State Bar No. 24060181<br>HILGERS GRABEN PLLC<br>10000 N. Central Expressway<br>Suite 400<br>Dallas, TX 75231<br>Telephone: 214-842-6828<br>Facsimile: 402-413-1880<br>agraben@hilgersgraben.com<br>klong@hilgersgraben.com |
| | ***Attorneys for J. C. Penney Corporation, Inc.*** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via the Court's ECF system on November 27, 2019, upon counsel of record for the parties.

*/s/ Andrew R. Graben*
Andrew R. Graben

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned certifies that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Andrew R. Graben*
Andrew R. Graben