## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION



| | | |
|---|---|---|
| CXT SYSTEMS, INC., | § | Case No. 2:18-cv-00171-RWS-RSP |
| | § | (LEAD CASE) |
| Plaintiff, | § | |
| | § | **JURY TRIAL DEMANDED** |
| v. | § | |
| | § | ██████████████ |
| ACADEMY, LTD., | § | |
| d/b/a ACADEMY SPORTS + OUTDOORS, | § | |
| | § | |
| Defendant. | § | |

| | | |
|---|---|---|
| CXT SYSTEMS, INC., | § | Case No. 2:18-cv-00233-RWS-RSP |
| | § | (CONSOLIDATED CASE) |
| Plaintiff, | § | |
| | § | **JURY TRIAL DEMANDED** |
| v. | § | |
| | § | ██████████████ |
| J. C. PENNEY COMPANY, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## PLAINTIFF CXT SYSTEMS, INC.'S RESPONSE
## IN OPPOSITION TO JCPENNEY'S SEALED
## MOTION FOR SUMMARY JUDGMENT ON NON-WILLFULNESS
## AND LIMITATION OF DAMAGES FOR NON-MARKING (DKT. 287)

## <u>TABLE OF CONTENTS</u>

<b><u>Page(s)</u></b>

I.      INTRODUCTION ..........................................................................................................1

II.     RESPONSE TO STATEMENT OF ISSUES TO BE DECIDED BY THE
        COURT ........................................................................................................................1

III.    RESPONSE TO JCP'S STATEMENT OF UNDISPUTED MATERIAL FACTS ..........2

IV.     CXT'S COUNTER-STATEMENT OF UNDISPUTED MATERIAL FACTS.................3

V.      LEGAL STANDARD ...................................................................................................3

        A.      Summary Judgment................................................................................................3

        B.      Pre-suit Damages ..................................................................................................4

VI.     ARGUMENT ................................................................................................................4

        A.      There Exists No Dispute Regarding Willful Infringement ....................................4

        B.      JCP Failed to Meet Its Initial Burden under *Arctic Cat* ......................................5

        C.      There Exists No Duty to Mark the Asserted Method Claims of the '875
                Patent.....................................................................................................................6

VII.    CONCLUSION .............................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) .................................................................................................4

*Arctic Cat Inc. v. Bombardier Recreational Prods Inc.*,
   876 F.3d 1350 (Fed. Cir. 2017)................................................................................*passim*

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) .................................................................................................3

*ContentGuard Holdings, Inc. v. Amazon.com, Inc.*,
   Nos. 2:13-CV-1112-JRG; 2:14-CV-61-JRG, 2015 WL 11089750 (E.D. Tex.
   Aug. 10, 2015) ........................................................................................................4, 6

*Crown Packaging Tech., Inc. v. Rexam Bev. Can Co.*,
   559 F.3d 1308 (Fed. Cir. 2009)................................................................................4, 6

*Merritt-Campbell, Inc. v. RxP Prods., Inc.*,
   164 F.3d 957 (5th Cir. 1999) ...................................................................................3

*VirnetX Inc. v. Apple Inc.*,
   925 F. Supp. 2d 816 (E.D.Tex.2013) .......................................................................5

**Statutes**

35 U.S.C. § 287..............................................................................................................*passim*

Plaintiff CXT Systems, Inc. ("CXT" or "Plaintiff"), by and through its undersigned counsel, respectfully submits this response in opposition to Defendant J. C. Penney Corporation Inc.'s ("JCP" or "Defendant") Sealed Motion for Summary Judgment on Non-Willfulness and Limitation of Damages for Non-Marking (Dkt. 287).  JCP's Motion should be denied.

## I.       INTRODUCTION

CXT does not intend to assert at trial any claim of willful infringement of the Asserted Patents against JCP.  Because there is no case or controversy regarding willful infringement, JCP's Motion should be denied.

With respect to marking, JCP failed to meet its initial burden of production to articulate the products it believes are unmarked "patented articles" subject to § 287.  *Arctic Cat Inc. v. Bombardier Recreational Prods Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) (citation omitted). Because JCP did not put CXT on notice that CXT or its authorized licensees allegedly sold specific unmarked products which JCP believes practices the patent, the Court should deny the Motion and preclude JCP from raising a marking defense at trial.

## II.      RESPONSE TO STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

1.       Whether the court should grant summary judgment for non-willfulness when no genuine issue of material fact exists to show that JCPenney's alleged infringement of the patents-in-suit was willful.

**Response:** Whether JCP is entitled to summary judgment for non-willfulness when CXT does not intend to assert at trial any claim of willful infringement.

2.       Whether the court should grant summary judgment to JCPenney due to CXT's failure to mark or otherwise provide notice of its patent pursuant to the marking provisions of 35 U.S.C. § 287.

**Response:** Whether JCP is entitled to summary judgment for failure to mark when JCP failed to meet its initial burden of production under *Arctic Cat* to articulate the products it believes are unmarked "patented articles" subject to § 287.

## III.   RESPONSE TO JCP's STATEMENT OF UNDISPUTED MATERIAL FACTS

Regarding statements 1 through 16, because CXT does not intend to assert at trial any claim of willful infringement, CXT submits that the issue is moot.

Regarding statement 17, ███████████████████████████████████████.

Regarding statement 18, ████████████████████████████████████ ████████████████████████████.

Regarding statement 19, JCP provides no citation to any evidence of record.  It is undisputed that ███████████████████████.  Thus, ███████████████████████.

Regarding statement 20, ████████████████████████  As stated above, ████████ ███████████████████████████████████████████████.

Regarding statements 21-22, which are disputed, ████████████████████████ ████████████████████████████████████████████████████████████████ █████████.

Regarding statement 23, which is disputed, ████████████████████████ █████████████████████████ ██████████████ ███████████████████████ █████████████████████████████████████████ ███████████████ ██████████████ ████████████.

Regarding statement 25, which is disputed, JCP did not meet its initial burden to identify specific unmarked, patented products that it believes were sold during the relevant time period and practiced the claims of the Asserted Patents.  █████████████████████████ █████████████████████████████████████████.



## IV.   CXT's COUNTER-STATEMENT OF UNDISPUTED MATERIAL FACTS

1.   JCP did not put CXT on notice that CXT or its authorized licensees sold specific, unmarked products which JCP believes practice the patent.

2.   JCP has not identified any specific, unmarked products in any of its discovery responses.

3.   JCP has not identified any specific, unmarked products in any correspondence to CXT or its counsel.



## V.   LEGAL STANDARD

### A.   Summary Judgment

The Court only grants summary judgment on an issue if there is no genuine issue of material fact and the moving party demonstrates it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).  A fact is "material" if it might affect the outcome of the lawsuit under the governing law.  *Merritt-Campbell, Inc. v. RxP Prods., Inc.*, 164

3

F.3d 957, 961 (5th Cir. 1999).  An issue of material fact is "genuine" if the evidence could lead a reasonable jury to find for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In deciding whether a genuine issue of material fact exists, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Liberty Lobby*, 477 U.S. at 255 (citation omitted).

**B.     Pre-suit Damages**

"Compliance with § 287 is a question of fact."  *Arctic Cat Inc.*, 876 F.3d at 1366 (Fed. Cir. 2017) (citation omitted).

The alleged infringer bears an initial burden of production to articulate the products it believes are unmarked "patented articles" subject to § 287.  *Id.*  The alleged infringer must put the patentee on notice that he or his authorized licensees sold specific, unmarked products which the alleged infringer believes practice the patent.  *Id.*

The duty to mark does not extend to a patent that is directed to a process or method. *Crown Packaging Tech., Inc. v. Rexam Bev. Can Co.*, 559 F.3d 1308, 1316 (Fed. Cir. 2009). The marking requirement does not apply to patents where both apparatus and method claims were initially asserted but the apparatus claims were timely dropped, i.e., by agreement of the parties.  *ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, Case Nos. 2:13-CV-1112-JRG; 2:14-CV-61-JRG, 2015 WL 11089750, at *4 (E.D. Tex. Aug. 10, 2015).

**VI.    ARGUMENT**

**A.     There Exists No Dispute Regarding Willful Infringement**

JCP seeks summary judgment on an issue that is not in dispute.  CXT does not assert that JCP willfully infringed the Asserted Patents.  CXT will not assert willful infringement at trial.

JCP's Motion seeks a dispositive judgment on an issue for which there is no present case or controversy, and JCP cites to no case law holding that such relief is appropriate.  To the

contrary, the case law in this District indicates that the Court should not grant summary judgment on issues that will not be presented at trial.  *See*, e.g., *VirnetX Inc. v. Apple Inc.*, 925 F. Supp. 2d 816, 849 (E.D.Tex. 2013) ("The Court encourages and requires the parties to narrow their case for trial.  Accordingly, the Court will not penalize such attempts to narrow issues by entering judgment on issues not presented at trial.").  Accordingly, JCP's Motion should be denied as moot.

### B.      JCP Failed to Meet Its Initial Burden under *Arctic Cat*

JCP failed to meet its initial burden under *Arctic Cat*.  JCP has not articulated the products it believes are unmarked "patented articles" subject to § 287.  *Arctic Cat*, 876 F.3d at 1366.  JCP has not put CXT on notice that CXT or its authorized licensees sold specific, unmarked products which JCP believes practices the Asserted Patents.  *Id.*

JCP's Motion fails to address *Arctic Cat*.  Rather, JCP ignores the law and relies on irrelevant and non-binding cases to improperly shift its initial burden of production to CXT. Mot. at 7-8.

During the entire eleven-month fact discovery period, JCP remained laid behind the log on the issue of marking.  JCP did not articulate any products it believed to be unmarked, patented articles in its discovery responses.  JCP did not allege whether any authorized licensees sold unmarked products which it believes practice the patent.  CXT received no correspondence specifically identifying any unmarked, patented articles.

This Motion indicates that JCP is (1) unaware of its initial burden of production under *Arctic Cat*, or (2) refuses to accept *Arctic Cat* as binding precedent.  The Motion is devoid of any statement identifying unmarked "patented articles."  The Motion fails to include any allegation that JCP put CXT on notice that CXT or its authorized licensees sold any specific, unmarked products which JCP believes practice the Asserted Patents.

JCP's general identification of various settlement agreements is not sufficient to meet its initial burden under *Arctic Cat*. While JCP generally points to CXT's settlement agreements with prior defendants ████████████████████████████████████, JCP does not assert that any of the settlement agreements cover any specific products. ████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ JCP does not contend that any of the agreements apply to any specific product associated with any particular customer. JCP does not identify any customers as authorized licensees that make and sell unmarked products that are covered by the license and that practice the invention. Because JCP has not identified any specific product, it is not surprising that JCP has not identified any dates of manufacture or sales associated with any specific product. Because JCP does not contend that any one "patented article" was sold unmarked by CXT or any authorized licensee of the Asserted Patents, the Court should find that JCP failed meet its initial burden of production. Accordingly, CXT respectfully requests that this Court deny the Motion and preclude JCP from asserting any marking defense at trial.

### C.     There Exists No Duty to Mark the Asserted Method Claims of the '875 Patent

Based on the parties' mutual agreement to narrow the claims at issue (Dkt. 156, Dkt. 153), CXT asserts only method claims of the '875 Patent. Because the duty to mark does not extend to method claims, the marking requirements would not apply to the Asserted Claims of the '875 Patent. *Crown Packaging Tech.,* 559 F.3d at 1316 (Fed. Cir. 2009); *ContentGuard Holdings*, 2015 WL 11089750, at *4.

## VII.   CONCLUSION

For the foregoing reasons, JCPenney has failed to show good cause for its Motion for Summary Judgment on Non-Willfulness and Limitations of Damages for Non-Marking and the Court should deny that Motion.

CXT reserves all rights to move for sanctions and request fees and costs associated with responding to this frivolous Motion in which JCP ignores the binding precedent set forth in *Arctic Cat*.

Dated: December 13, 2019

**BROWN RUDNICK LLP**

*/s/ Alfred R. Fabricant*
Alfred R. Fabricant
NY Bar No. 2219392
Email: afabricant@brownrudnick.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@brownrudnick.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@brownrudnick.com
Daniel J. Shea
NY Bar No. 5430558
Email: dshea@brownrudnick.com
Enrique W. Iturralde
NY Bar No. 5526280
Email: eiturralde@brownrudnick.com
Jacob Ostling
NY Bar No. 5684824
Email: jostling@brownrudnick.com
**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston
Marshall, Texas 75670

Telephone: (903) 938-8321
Facsimile: (903) 215-8510

**ATTORNEYS FOR PLAINTIFF
CXT SYSTEMS, INC.**



## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 13, 2019, a true and correct copy of the above and

foregoing document has been served by email on all counsel of record.

<u>*/s/ Alfred R. Fabricant*</u>
Alfred R. Fabricant